Filed 7/22/13  P. v. Ball CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAMES KEVIN BALL,<br><br>    Defendant and Appellant. | G048120<br><br>(Super. Ct. No. R-00898)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher J. Evans, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*         \*         \*

Defendant James Kevin Ball filed a notice of appeal. His appointed counsel filed a brief summarizing the case, but advised this court he found no issues to support an appeal. We gave Ball 30 days to file a written brief on his own behalf, but he has not responded. After conducting an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

FACTS

The probation department filed a petition to revoke Ball's probation under the postrelease community supervision (PCS) program (Pen. Code, § 3455; all statutory references are to the Penal Code unless otherwise noted). The petition alleged Ball had been convicted of receiving stolen property (§ 496, subd. (a)) in October 2009 (Super Ct. Orange County, 2009, No. 07WF2768) and sentenced to three years in prison. He received his release to community supervision in February 2012. The petition alleged he missed appointments with his probation officer on May 2, May 16, June 20, and August 21, 2012, tested positive for amphetamines on August 8, and failed to provide a valid current address. On February 4, 2013, Huntington Beach Police arrested Ball, and found him in possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and drug paraphernalia (Health & Saf. Code, § 11364.1, subd. (a)), which resulted in the filing of a new criminal case (Super Ct. Orange County, 2013, No. 13WF0369).

Ball pleaded guilty to nonviolent drug possession offenses in the new case, which qualified him for a drug treatment program under Proposition 36. The court placed Ball on probation and directed him to enroll in a program, but Ball still faced a potential jail sentence on the allegation he violated his probation under the PCS program. To forestall this, Ball filed a motion seeking drug treatment under Proposition 36 (§ 1210 et seq.) in lieu of PCS incarceration. He complained the Orange County courts had "as a matter of practice . . . imposed a substantial term of incarceration in advance of mandatory [Proposition 36] drug treatment" for persons on PCS, committing them to jail for 90 days before release for treatment under Proposition 36. Ball asserted the "practice

2

violates the spirit of [PCS] Realignment and of" Proposition 36. He argued persons on PCS are similarly situated to parolees, who may not suffer a parole revocation for committing a nonviolent drug possession offense under Proposition 36 (§ 3063.1). Ball maintained "access to the drug treatment" ordered in the new case should not be "thwarted by a pointless period in custody *for a PCS violation based on the same conduct*." (Italics added.)

The trial court denied Ball's motion, and he admitted the violation. The court imposed a 90-day term with credit for 38 days of custody and conduct credit.

POTENTIAL ISSUES

Ball's appellate lawyer identifies one potential issue for our consideration: Whether it is a violation of Equal Protection "to deny a person on [PCS] . . . the same opportunity to participate in Proposition 36 drug treatment (§ 1201 [*sic* 1210.1], subd. (a)) as that afforded to nonviolent drug offenders (*People v. Guzman* (2005) 35 Cal.4th 577)?"

Persons on PCS (see § 3451) must comply with various conditions while under supervision, including the requirement to regularly report to supervising authorities and to keep them informed of the probationer's residence. (§ 3453 [obey all laws, follow the directives and instructions of the supervising county agency, report to the supervising county agency as directed by that agency, inform the supervising county agency of the person's place of residence, employment, education, or training, inform the supervising county agency of any pending or anticipated changes in residence, employment, education, or training].)

Section 1210.1, added by Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, provides that "(a) Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program. The

3

court shall impose appropriate drug testing as a condition of probation.  The court may also impose, as a condition of probation, participation in vocational training, family counseling, literacy training and/or community service.  *A court may not impose incarceration as an additional condition of probation. . . .*"  (Italics added.)

Section 3063.1, also added by Proposition 36, provides, "(a) Notwithstanding any other provision of law, and except as provided in subdivision (d), *parole may not be suspended or revoked for commission of a nonviolent drug possession offense or for violating any drug-related condition of parole*."  (Italics added.)

In *People v. Guzman* (2005) 35 Cal.4th 577, the Supreme Court held Proposition 36, which requires courts to order probation and community-based drug treatment rather than incarceration for certain criminal offenders who commit nonviolent drug possession offenses (NDPO's), does not violate Equal Protection by failing to make the probation requirement applicable to defendants who commit NDPO's while on *probation* for offenses that are not NDPO's, even though the requirement does apply to *parolees* who commit NDPO's while on parole after completing prison terms for non-NDPO's.  The court noted that probationers on probation for non-NDPO's are not similarly situated to parolees on parole for the same crimes because parolees have """"served their time"""" in prison for the non-NDPO's while probationers have not.  "[P]robationers who are still on probation have not completed the period of conditional release that substitutes for the prison terms they otherwise would be serving."  (*Id.* at p. 593.)

Here, even if we agreed a person on PCS for a non-NDPO is similarly situated to a parolee (both have "served their time" for the non-NDPO), we need not address in this case whether Proposition 36's prohibition of revocation and incarceration applies to persons on PCS.  Here, the petition alleged Ball violated several *non-drug-related* conditions of PCS, including failing to report to his probation officer and failing to provide a valid residence address.  Section 3063.1, subdivision (a), provides only that

"parole may not be suspended or revoked for commission of a nonviolent drug possession offense or *for violating any drug-related condition of parole*."  (Italics added.) Nothing in Proposition 36 precludes revocation of PCS and incarceration in jail for violation of a condition that is not drug related.

We discern no arguable issues from counsel's brief or in our independent review of the record.

DISPOSITION

The postjudgment order is affirmed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.

5